Alfreda Smith OVESEN, as personal representative of the Estate of Svend A. Ovesen, DBA Crucian International, Inc., Plaintiff–Appellant,

v.

MITSUBISHI XYZ CORPORTATIONS, Honeywell Inc., Propulsion Engines Inc., Airesearch Manufacturing Company of Arizona Garrett Airline Services Division, Mooney Airplane Company, Inc., Mitsubishi Aircraft International Inc., Maxfly Aviation Inc., ABC Corporation, Duncan Aviation Inc., Raytheon Aircraft Company, Formerly Beech Aircraft Corporation and Successor in Interest to Mooney Air Craft, Defendants.

Mitsubishi Heavy Industries of America Inc., Mitsubishi Heavy Industries Ltd., Defendants–Appellees.

No. 12–1288–cv.

United States Court of Appeals, Second Circuit.

March 25, 2013.

Cherie K. Durand (Paul H. Hulsey, Hulsey Law Group, LLC, Todd E. Duffy, Anderson, Kill & Olick, PC, on the brief) Hulsey Law Group, LLC, Charleston, SC, for Plaintiff–Appellant.

Marshall Seth Turner (Diana Kim, Timothy H. Eskridge, Jr., on the brief) Condon & Forsyth, LLP, New York, NY, for Defendants–Appellees.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES and DEBRA A. LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

This case arises from a 2002 airplane crash that killed Svend A. Ovesen ("decedent") while he was piloting a MU–2B aircraft manufactured by defendants-appellees Mitsubishi Heavy Industries of America, Inc., and Mitsubishi Heavy Industries, Ltd. (jointly "defendants"). Plaintiff Alfreda Smith Ovesen ("plaintiff") subsequently instituted this action for damages based on the parties' diversity of citizenship, see 28 U.S.C. § 1332, individually and as personal representative of the estate of decedent, seeking damages against defendants for design flaws in the MU–2B aircraft. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On March 22, 2011 defendants filed a motion for summary judgment, arguing that plaintiff's claims were barred by an eighteen-year statute of repose provided by the General Aviation Revitalization Act ("GARA"), Pub.L. No. 103–298, 108 Stat. 1552 (codified at 49 U.S.C. § 40101 note). See GARA § 2(a), 3(3). In response, plaintiff claimed that a "fraud exception" to the statute of repose—covering instances where an aircraft manufacturer "knowingly misrepresented to the Federal Aviation Administration, [ ("FAA") ] or concealed or withheld from the [FAA], required information that is material and relevant to the performance or the maintenance or operation of [an] aircraft"—allowed it to proceed against defendants. See GARA § 2(b)(1). Specifically, plaintiff claimed that defendants were required to disclose to the FAA information contained in a 1973 report to the United Kingdom's Civil Aviation Authority ("CAA

report"), concerning supposed flight performance problems, and that defendants' failure to do so rendered the statute of repose inapplicable.

In a thorough Memorandum Opinion and Order of March 1, 2012, the District Court considered the applicability of this fraud exception, see GARA § 2(b)(1), as well as the relevant regulations for a manufacturer's reporting requirements, see 14 C.F.R. § 21.3(a) and (d), for the specific aircraft and corresponding FAA design approval (otherwise known as a "type certificate") at issue in the case. See Ovesen v. Mitsubishi Heavy Indus. of Am., Inc., No. 04 Civ. 2849(JGK), 2012 WL 677953, at *3–6 (S.D.N.Y. Mar. 1, 2012). Based on this analysis, the District Court concluded that defendants were not required to disclose the information contained in the CAA report to the FAA, making the fraud exception inapposite, and barring plaintiff's action under the 18–year GARA statute of repose. Id. at *6. Accordingly, the District Court entered judgment dismissing plaintiff's complaint in its entirety.

On March 14, 2012, plaintiffs sought reconsideration of the District Court's decision, raising a new statutory interpretation argument based on the GARA's legislative history. In a Memorandum Opinion and Order of May 7, 2012, the District Court considered these arguments and denied plaintiff's motion for reconsideration. See Ovesen v. Mitsubishi Heavy Indus. of Am., Inc., No. 04 Civ. 2849(JGK), 2012 WL 1583566 (S.D.N.Y. May 7, 2012). This timely appeal followed.

We review an order granting summary judgment de novo and "resolv[e] all ambiguities and draw[ ] all permissible factual inferences in favor of the party against whom summary judgment is sought." Burg v. Gosselin, 591 F.3d 95, 97 (2d Cir.2010) (internal quotation marks omitted); see also Fed.R.Civ.P. 56. On appeal,

724

plaintiff primarily argues that, based on the legislative intent of GARA, defendants were required to disclose the CAA report to the FAA under the relevant regulations. *See* 14 C.F.R. § 21.3.

Having conducted an independent and *de novo* review of the record, we disagree with plaintiff's statutory interpretation arguments and affirm the District Court's dismissal of plaintiff's complaint, substantially for the reasons stated in Judge Koeltl's well-reasoned orders of March 1, 2012 and May 7, 2012.

## CONCLUSION

We have considered all of plaintiff's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the District Court's March 1, 2012 judgment.